[Civil No. 1692.    Filed June 14, 1919.]

[181 Pac. 454.]

FRANK M. McCARTHY, Appellant v. PAMSETGAAF, INCORPORATED, a Corporation, Appellee.

1. APPEAL AND ERROR—PRESUMPTIONS.—On record consisting of judgment-roll only, the directed verdict must be by the Supreme Court presumed correct, in the absence of the oral testimony in the case.

2. NEW TRIAL—NEWLY DISCOVERED EVIDENCE—IMPEACHING.—Verdict having been directed for defendant for plaintiff's failure to establish a *prima facie* case, newly discovered evidence, to be sufficiently material to warrant granting new trial under Civil Code of Arizona of 1913, paragraph 584, must be of a nature to supply the necessary absent elements of plaintiff's case, and not merely such as to establish, however conclusively, that defendant made contradictory or even purposely false statements.

APPEAL from a judgment of the Superior Court of the county of Yavapai. George H. Crosby, Jr., Judge. Affirmed.

The facts appear in the opinion.

Mr. Frank M. McCarthy, in person, and Mr. J. E. Russell, for Appellant.

Messrs. Anderson & Ellis and Mr. Robert E. Morrison, for Appellee.

CUNNINGHAM, C. J.—The oral testimony as taken by the court reporter at the trial was not made a part of the record, and was stricken on motion for the reasons that the

appellant failed to notify the appellee of the filing of the reporter's transcript with the clerk of the said court, and also because the said transcript did not remain on file for twenty days after filing, and also because the trial judge did not certify to the correctness of the transcript filed. Therefore such transcript became no part of the record in this court.

It follows that the record in this appeal consists of the judgment-roll only. The appellant suggests that, upon consideration of the said record, the matter of the admissions contained in the amended answer were sufficient to make out a case requiring submission to the jury, and the order refusing a new trial on the showing made by appellant on the grounds of newly discovered evidence, is open for review. Otherwise stated, the appellant contends that the admissions of fact contained in the amended answer are sufficient to constitute a *prima facie* case for plaintiff, and that the court abused its discretion in refusing a new trial on the showing made of newly discovered evidence.

If the defendant's amended answers contained admissions of facts on all issues which are essential to the plaintiff's recovery, and left no vital issue for trial, then one proper course of procedure was for the court to grant a motion for judgment for plaintiff on the pleadings; or, if a jury had been sworn before the matter was called to the court's attention, then the same results would follow from an order directing a verdict for the plaintiff. In either case, the admission in the answer must be admission of all the facts essential to a recovery by the plaintiff, and in legal effect no dispute of an essential fact must remain.

The plaintiff alleges, among other things, in paragraph IV as follows:

"On the 9th day of February, 1915, plaintiff being afflicted with incipient pulmonary tuberculosis, upon the representations made by defendant that it would carefully, properly, skillfully, and competently treat and care for him and furnish to him all things necessary, including careful, skillful, and competent physicians and surgeons and nurses to effect a cure, entered the sanitarium of defendant at Prescott, and in consideration of the sum of thirty dollars per week to defendant by plaintiff paid, the defendant undertook and agreed to and with plaintiff that it would furnish to him all things necessary and required to cure him of all diseases with

which he might be afflicted during all of the time he remained in said sanitarium, and particularly agreed to furnish careful, skillful, and competent physicians and surgeons and medical attention in the treatment and cure of all acute diseases plaintiff had or might develop during all the time he remained in said sanitarium.''

Under this contract, the plaintiff alleges that his physical health improved until September 10, 1915, when plaintiff began to suffer intense pain, and the defendant negligently and carelessly refused to make a careful or proper or any diagnosis of plaintiff's case, although then and there requested and demanded by plaintiff so to do, but, without proper examination of plaintiff, stated "there was no malady affecting him, and that such pains would readily pass and cause no further annoyance to plaintiff.''

On October 10, 1915, the defendant called Dr. H. T. Southworth, a careful, competent, and skilled physician and surgeon, for his examination of plaintiff, but no examination then took place. On October 20, 1915, it seemed necessary to have a serious surgical operation performed on plaintiff to remove the vermiform appendix. Plaintiff advanced the necessary fees for that purpose. On said twentieth day of October, 1915, plaintiff was removed to a proper hospital, and on said date at said hospital the said surgical operation was performed by skillful and capable surgeons and their competent assistants; that such operation was a successful one in fact, and plaintiff's physical condition improved until November 5, 1915, when the defendant began to administer to the plaintiff the "sun cure" as a proper remedy to cause the expeditious healing of the wound remaining from the said surgical operation.

The plaintiff continued to take the said sun cure treatment as administered by defendant from the said fifth day of November, 1915, to the twenty-ninth day of February, 1916, when the plaintiff left the defendant's sanitarium and severed his relation with defendant and entered the Mercy Hospital; that under the said sun cure treatment imposed by the defendant the plaintiff's physical condition grew steadily worse, and plaintiff, from such treatment, suffered severe physical pain and injury to his health, and that said course of treatment was wholly improper, unscientific, and not reasonably adapted to plaintiff's needs, which defendant ought to

have known. The plaintiff claims damages for his sufferings from September 10 to October 20, 1915, because the defendant failed to render the proper treatment for his ailments, in violation of the contract; also, plaintiff claims other damages for injuries resulting to the plaintiff from the "sun cure" treatment administered to plaintiff improperly, and plaintiff claims a recovery of fees and expenses paid by him during the time of his relation with the defendant and proximately resulting from such relation.

, The defendant, answering:

"Admits that on said date [9th day of February, 1915], defendant undertook to treat plaintiff in its usual manner for the said disease. Denies that defendant ever undertook or agreed to and with plaintiff that it would furnish to him all things necessary and required to cure him of all diseases with which he might be afflicted during all of the time he remained in said sanitarium, and denies that it ever particularly agreed, or in any way agreed, to furnish any physicians and surgeons, and medical attention, in the treatment of all or any acute diseases that plaintiff had or might develop. Denies that it was the duty of defendant to furnish physicians and surgeons for the treatment of plaintiff for any affliction other than that of tuberculosis. Denies that defendant was negligent or careless in any respect toward plaintiff. Denies that defendant refused in any respect to give plaintiff the treatment and care requisite to him and to his case."

The defendant further denies that it had any connection with the operation performed on plaintiff, and alleges that plaintiff employed Dr. Southworth and Dr. Looney to and they did perform such operation under their employment. The defendant denies that plaintiff suffered pain and mental anguish between September 10, 1915, and October 20, 1915, caused from any negligence or carelessness of defendant. The "defendant alleges that plaintiff was not suffering from acute appendicitis." The defendant "denies that it acted wrongfully or carelessly, and alleges that it gave every proper care and attention to plaintiff. . . . Defendant alleges that it gave plaintiff proper and careful medical treatment for his malady, to wit, tuberculosis, and defendant alleges that said Dr. Flinn carefully observed all symptoms of plaintiff, and called in to examine plaintiff, and to consult with Dr. Flinn,

a competent surgeon, as soon as same became necessary. Defendant alleges that it gave plaintiff proper, careful, and skillful treatment in every respect whatsoever, and denies that plaintiff continued to grow worse, and denies that he suffered and continued to suffer great physical pains and torments and mental anguish up to the time of said operation.''

The complaint and the answer are both open to be criticised because neither is a concise statement of the facts constituting the plaintiff's cause of action or the defendant's grounds of defense. The complaint is a prolix narrative of evidence, informing the court of the history of plaintiff's afflictions and his relation with the defendant with regard thereto, and it does contain direct allegations of fact, interspersed in the narration of evidence, which, when segregated, amounts to setting forth the relation of patient and physician, and the duties and liabilities resulting therefrom, and a violation of such duties by the defendant as the plaintiff's physician. The answer, in a number of ways, admits the relation of patient and physician, and denies the violation by it of the duties such relation imposes on the physician. The essence of plaintiff's cause of action is the wrong done him by the defendant's failure to discharge its duty owing plaintiff. Strange to say that, with the answer pregnant with a litter of negatives, as the plaintiff charges on this appeal, yet the defendant persisted to the end that it performed its legal duty to the plaintiff.

With such issues joined, the plaintiff could not recover until he produced evidence sustaining the material allegations of his complaint *prima facie* establishing defendant's duty owing to plaintiff, and defendant's failure to perform that duty. This burden the plaintiff has failed to sustain, as appears from the judgment, and the admissions contained in the defendant's answer did not dispense with the necessity of evidence of defendant's failure to perform its duty to plaintiff. The directed verdict must be, by this court, presumed to be correct, in the absence of the oral testimony in the case.

The other question, viz., whether the lower court erred in denying motion for a new trial on the showing made by appellant on the grounds of newly discovered evidence, remains to be noticed.

Paragraph 584, Civil Code of Arizona of 1913, is as follows:

"A verdict, decision or judgment may be vacated and a new trial granted, on motion of the aggrieved party, for any of the following causes materially affecting his rights: . . . (4) Material evidence, newly discovered, which with reasonable diligence could not have been found and produced at the trial."

The judgment entered recites that in disposing of defendant's motion for a directed verdict:

"The court held that plaintiff had failed to establish a *prima facie* case, and that the jury should be directed to return a verdict in favor of the defendant and against the plaintiff. Whereupon, and under the direction of the court, the said jury duly returned into court its verdict finding the issues in said cause in favor of said defendant and against said plaintiff, which said verdict was duly recorded by the clerk," etc.

The appellant, in his motion for a new trial, alleged that material evidence had been discovered since the trial. The evidence relied upon as material consists of a telegram dated October 20, 1915, from the president of defendant corporation to a Dr. Frederick Epplen, and two letters written by the said president to the said doctor. The telegram is a report to the doctor on the operation, necessity for the operation, and condition of the patient, the plaintiff, at the time the telegram was sent. The letter first in order confirms the telegram and reports the patient's condition more in detail. Such letter closes with the statement:

"I thought it better to advise you by wire, as I did not have the address of his relatives, and I wished you and them to know of his quite serious condition. I will write you soon again regarding the progress of the case."

The second letter is dated October 28, 1915, and is another report of plaintiff's condition at the time. The letter refers to certain charts also, sent to Dr. Epplen as giving further information of plaintiff's condition at that date. The said telegram and letters, appellant claims, contain statements contradicting other statements made by Dr. Flinn to plaintiff, and for such reason the evidence is material.

It is too clear for argument that, whenever the court directed a verdict for the defendant because the plaintiff failed to produce evidence sufficient to establish a *prima facie*

case, evidence newly discovered, to become material, must be of a nature to supply the necessary facts absent from the record, which facts were necessary to make a *prima facie* case, and evidence newly discovered which establishes in the most conclusive manner possible that the defendant has made contradictory, inconsistent and purposely false statements, is not material, but, on its face, becomes evidence of immaterial matters. The kind of evidence plaintiff must have discovered, to be of benefit, should have been evidence of facts supporting his complaint as tending to establish his alleged cause of action. He could not overcome the absence of facts necessary to his recovery by proving conclusively that defendant and its president were unworthy of belief.

The trial court committed no error in refusing a new trial upon the grounds of newly discovered evidence. The evidence discovered would be immaterial if offered on the trial, where, as here, the plaintiff's evidence failed.

We have carefully examined the judgment-roll for fundamental error, and finding no reversible error, the judgment must be affirmed.

ROSS and BAKER, JJ., concur.